PER CURIAM.
After the wife filed a suit for separation in Orleans Parish, the husband filed a suit for separation in Jefferson Parish. The wife made a general appearance in the Jefferson Parish suit before filing an exception of lis pendens, which was overruled because she had waived the objection. C.C.P. art. 925.
The wife then excepted to the Jefferson Parish court’s jurisdiction over the subject matter. The trial court overruled the exception, but on the husband’s application for supervisory writs the intermediate court reversed, citing State ex rel. Marston v. Marston, 67 So.2d 587 (La.1953), for the proposition that the court which first ob *914 tains jurisdiction over the subject matter retains it to the exclusion of all others.
We reverse and reinstate the judgment of the trial court.
The Marston case (decided before the adoption of the Code of Civil Procedure) did not involve an exception to the jurisdiction over the subject matter. That case involved a timely filed exception of lis pen-dens which had been overruled, and this court ordered that the exception be maintained, using the language relied on by the intermediate court in the present case.
In the present case both courts had jurisdiction over the subject matter, and neither suit was subject to dismissal because of lack of jurisdiction. The party filing first could have only obtained dismissal of the second suit by filing a timely exception of lis pen-dens, and the Marston case would have been controlling. However, since the defendant in the second suit did not file a timely exception of lis pendens, any plaintiff may continue the prosecution of any suit until rendition of the first final judgment, which shall be conclusive of all suits. C.C.P. art. 531.
Accordingly, the judgment of the court of appeal is reversed, and the judgment of the trial court is reinstated.
DENNIS, J., not participating.