431 So.2d 20 (1983)
Frank PEDALINO
v.
Blake P. PITRE, et al.
No. 82 CA 0349.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
*21 Sidney C. Sundbery, Houma, for plaintiff and appellant.
Louis J. St. Martin, Houma, for defendants and appellees.
Before PONDER, SAVOIE and CRAIN, JJ.
SAVOIE, Judge.
Plaintiff, Frank Pedalino, appeals from a judgment dismissing his suit to recover the sales price of 500 shares of stock or, alternatively, for specific performance of the contract to sell. He contends that the trial court erred in admitting into and considering evidence of alleged representations and discussions concerning a franchise when the defendants, Blake and Robert Pitre, never pled misrepresentation as a defense.
The trial court admitted the above evidence for the purpose of determining whether a meeting of the minds existed among the parties as to the object of the contract. The record is devoid of any evidence indicating that the trial court allowed this testimony for any other purpose. Furthermore, in order to reach the issues of misrepresentation or fraud, the court must first conclude that a contract existed.[1]
In this case, the trial court determined that there was never an agreement on the object among the parties and no meeting of the minds as required by Civil Code Articles 2439 and 2456. As a result, the lower court never reached the question of misrepresentation and fraud. Therefore, plaintiff's assignment of error is without merit. Plaintiff is to pay all costs.
AFFIRMED.
NOTES
[1] Under former art. 327, Code of Practice, and the Pleading and Practice Act, R.S. 13:3601(2), now L.S.A.-R.S. art. 1005, special defenses which must be affirmatively pled admit that the obligation exists or did exist, but allege that the obligation is extinguished, for such reasons as... for fraud or error. Williams v. Fisher, 79 So.2d 127 (La.App. 1st Cir.1955). By the same token, if an obligation is denied and alternatively, an affirmative defense pled, the court must first determine the existence of the obligation before it considers the defense thereto. If the court concludes that the obligation does not exist, the affirmative defense issue becomes moot. Here, the defendants did not plead any affirmative defenses nor did the trial court consider such. The trial court merely sought to determine whether a contractual obligation existed at all.