COLE, Judge.
This matter involves two appeals taken by different parties from the same judgment. The broad issues in these appeals are whether or not the trial court erred in its distribution of concursus funds and in dismissing an intervention filed against one of the defendants in the principal demand.
Leon D. Williams, III and Elizabeth B. Williams were married in July of 1979 and divorced in October of 1981. Prior to this marriage they entered into a contract providing that property acquired in a specified manner, either before or during their marriage, was to be separate property. On September 9, 1981 while the parties were still legally married, certain community and separate property owned by Mr. and Mrs. *311 Williams was damaged in a residential fire. As a result of conflicting insurance claims filed by them regarding ownership of various items, their fire insurer, State Farm Fire and Casualty Company, deposited the full amount due under the policy into the registry of the court in order that the proper distribution thereof could be determined. Leon Williams and Elizabeth Williams (who had since remarried and will be referred to herein as Mrs. Riley) were named as defendants in this concursus proceeding. Several interventions by creditors of both Mr. Williams and Mrs. Riley were filed therein.
At trial the court had the task of determining the ownership of approximately 126 items of furniture and accessories damaged in the fire. Based upon its findings the trial court awarded 94.89% of the funds on deposit to Mr. Williams and 5.11% to Mrs. Riley. The trial court also dismissed an intervention filed against Mrs. Riley by the law firm of Middleton and Wolf. Both Mrs. Riley and Middleton and Wolf have appealed from this judgment. Each of these appeals will be treated separately.
APPEAL OF ELIZABETH B. RILEY
Mrs. Riley argues the trial court erred in failing to distribute the funds in accordance with a settlement agreement she allegedly reached with Mr. Williams in an attempt to end this litigation. The terms of this alleged settlement agreement provided Mrs. Riley was to receive 76% of the concursus funds and Mr. Williams 24%. Mr. Williams denied reaching such an agreement maintaining what purported to be his signature was in fact a forgery. The trial court pretermitted this issue, having concluded any such alleged agreement was invalid as an attempt by the parties to defraud their creditors. The result was the trial court did not actually determine whether or not the settlement agreement had been actually made by the parties.
Initially, we note the trial court should not have considered the issue of fraud without determining whether or not an agreement had actually been reached between the parties. The actual existence of a contract should first be determined before a trial court may properly reach the issue of fraud. Pedalino v. Pitre, 431 So.2d 20 (La.App. 1st Cir.1983).
Furthermore, we agree with Mrs. Riley’s contention the evidence does not adequately support the trial court’s conclusion that the alleged settlement agreement was a fraudulent attempt to defeat creditors’ claims. The apparent basis of the trial court’s conclusion was La.Civ.Code art. 1969, et seq., which prohibits debtors from contracting with others for the purpose of depriving creditors of rights they may have upon the debtor’s property. These articles establish a creditor’s right to file a revocatory action to annul such contracts. However, the trial court’s determination can not be upheld on this basis for the following reasons.
First, a revocatory action to annul this contract was not filed by any of the creditors. Second, it is impossible to determine from the evidence whether or not the elements required for a successful revocatory action were present. See La.Civ.Code arts. 1969, et seq.
Further, the evidence does not support a finding of any other type of fraud. Fraud is never presumed. It must be established by exceptionally strong and convincing evidence, well beyond a preponderance. Evans v. Ivy, 428 So.2d 886 (La.App. 1st Cir.1983). In reaching its conclusion on the fraud issue, the trial court appears to have relied heavily upon the fact Mr. Williams and Mrs. Riley made several unsuccessful attempts to withdraw the con-cursus funds after interventions were filed. Mr. Williams testified the purpose of these prior attempts was to allow him, rather than the court, to control distribution of the funds. The mere fact the parties wished to obtain possession of the concursus funds and distribute them as they chose is insufficient to establish fraudulent intent. These actions are consistent with lawful as well as fraudulent purposes. Accordingly, we find the evidence falls far short of the *312 strong proof required to establish fraud. For this reason, we conclude the trial court erred in refusing on this basis to recognize the alleged settlement agreement.
However, it is pertinent to note at this point opposing counsel objected strenuously to the admission of this agreement into evidence and to the testimony of two witnesses with respect to it. The basis of this objection was that neither the agreement nor the witnesses were listed on the pretrial order.
There is no question these items were not in fact included on the original pretrial order prepared by the parties. However, the trial court stated Mrs. Riley (who represented herself at the trial on the principal demand) subsequently supplemented the pretrial order to include these items.[1] Mrs. Riley was unaware of her duty to furnish opposing counsel with copies of this supplemental pretrial order. Consequently, opposing counsel first learned of the alleged agreement at trial. The trial court nevertheless allowed introduction of the agreement and permitted Mrs. Riley’s witnesses to testify regarding same.
Since counsel opposing Mrs. Riley was caught completely by surprise and had no opportunity to prepare adequately a defense and present all available evidence impugning the probative value of this agreement, we are unable and unwilling to resolve the issues arising as to its authenticity and validity on the basis of the record before us. The avoidance of surprise is one of the inherent purposes of pretrial discovery. See Naylor v. La. Dept. of Public Highways, 423 So.2d 674 (La.App. 1st Cir.1982), writs denied, 429 So.2d 127 and 429 So.2d 134 (La.1983). Thus, it would be fundamentally unfair to determine these issues when opposing counsel has had no opportunity to present all available evidence with respect thereto.[2] Accordingly, in the interest of fairness and justice, this matter will be remanded to the trial court to allow an opportunity for evidence pertinent to these issues to be presented.[3] See Gilcrease v. Gilcrease, 438 So.2d 658 (La.App. 2d Cir.1983), writ denied, 442 So.2d 461 (La.1983); Lefort v. Meibaum Bros., Inc., 321 So.2d 824 (La.App. 4th Cir.1975).
APPEAL OF MIDDLETON AND WOLF
The law firm of Middleton and Wolf filed an intervention against Mrs. Riley in this concursus proceeding, seeking recovery of legal fees allegedly owed by her. In support of their intervention, they rely upon an act of assignment dated June 1, 1982 by which Mrs. Riley assigned them her interest in the concursus proceedings to the extent of her indebtedness for legal fees. Mrs. Riley admits executing the act of assignment, but claims she did so under duress. Additionally, she argues the fees charged by Middleton and Wolf were excessive.
The trial court did not reach these issues in view of its decision not to allow “... any judgment for Middleton & Wolfs services since there is a pending suit seeking the same relief and said claim being subject to a reconventional demand.” The pending suit referred to was a separate suit filed by Middleton and Wolf against Mrs. Riley for collection of two promissory notes given in payment for a portion of the same legal fees referred to in the act of assignment. It was filed subsequent to their intervention herein. Basically, the trial court supplied a plea of lis pendens on behalf of Mrs. Riley. Middleton and Wolf argue the trial court erred in dismissing their intervention on the basis of the pend- *313 ency of the later suit on the notes. We agree.
First, lis pendens is an objection raised through the declinatory exception which is considered waived if the defendant makes an appearance without pleading it. La. Code Civ.P. arts. 925(3) and 1034. La.Code Civ.P. art. 531 provides that when a defendant fails to raise an exception of lis pen-dens “... the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.” See Morice v. Morice, 386 So.2d 913 (La.1980). Accordingly, since Mrs. Riley failed to file an exception of lis pendens in the present case, Middleton and Wolf clearly had the right to continue prosecution of its intervention.
Furthermore, even if an exception of lis pendens had been filed herein, it is clear it would not have been well-founded. An exception of lis pendens may properly be granted only when there are two or more suits pending: 1) between the same parties in the same capacities; 2) for the same object; and, 3) on the same cause of action. La.Code Civ.P. art. 531. Middleton and Wolfs cause of action in this intervention is based upon an act of assignment allegedly giving it an interest in the present suit. Its cause of action in the suit for collection of the promissory notes is entirely different, being based upon the said notes. Thus, one of the essential elements required to maintain an exception of lis pen-dens is missing in the present case. Additionally, La.Code Civ.P. art. 531 provides a defendant may have all but the first suit dismissed through the plea of lis pendens. Assuming, arguendo, the two suits were pending on the same cause of action, Mrs. Riley’s remedy was to file the declinatory exception in the suit on the notes, not in these initial intervention proceedings.
For these reasons, we find the trial court erred in dismissing Middleton and Wolf’s intervention on the basis of the pendency of the suit on the notes.[4] Since the trial court did not, in view of its ruling, reach the substantive issues raised by this intervention, these issues should be resolved upon remand of this matter.[5]
DECREE
The judgment of the trial court is vacated and set aside and this matter is remanded to the trial court for the following limited purposes: 1) to permit the trial court to conduct an evidentiary hearing to determine the authenticity and validity of the alleged settlement agreement relied upon by Elizabeth Riley; and, 2) to permit the trial court to resolve issues relative to the validity of the act of assignment relied upon by Middleton and Wolf and to determine the amount of legal fees they are entitled to recover. The trial court is to admit whatever additional evidence is necessary to make these determinations. Following determination of these issues, the trial court is to render a judgment appropriate to its findings decreeing the rights of the parties and the several creditor-inter-venors. Assessment of all costs is to await final disposition of this litigation.
JUDGMENT VACATED AND SET ASIDE; CASE REMANDED.

. Mrs. Riley alleges this settlement agreement was not reached until sometime after the original pretrial order was submitted to the trial court.

. We note also an attempt by us to reach a conclusion based upon the present record, as to the validity vel non of the purported agreement, would include necessarily credibility considerations, the initial prerogative and function of the trial court.

.In view of our finding on this issue, we preter-mit the other issues raised on appeal by Mrs. Riley.

. The trial court also found Middleton and Wolf failed to prove the amount owed the firm “for which it would have a priority claim under R.S. 9:5001." Assuming Middleton and Wolf could assert the statutory privilege for attorney fees provided by La.R.S. 9:5001, it would relate only to a part of the legal services rendered Mrs. Riley by Middleton and Wolf. In any event, Middleton and Wolf never asserted a claim under La.R.S. 9:5001. They relied upon the act of assignment.

. In view of our finding on this issue, we preter-mit the other issues raised on appeal by Middleton and Wolf.