589 So.2d 502 (1991)
Linda BUNCH, et al., Plaintiffs-Appellants,
v.
SCHILLING DISTRIBUTING INC., et al., Defendants-Appellees.
No. 90-116.
Court of Appeal of Louisiana, Third Circuit.
October 17, 1991.
Rehearing Denied December 5, 1991.
Writ Denied February 14, 1992.
Jack P. Showers, Lafayette, for plaintiffs/appellants.
Vincent J. Saitta, Lafayette, for defendant/appellee, Friedman.
*503 William H. Lambert, Lafayette, for defendant/appellee, Tassin.
Roy, Carmouche, Bivins, Judice, Henke & Breaud, John A. Bivins, Lafayette, for defendant/appellee.
Before DOMENGEAUX, C.J., and GUIDRY, FORET, DOUCET and KNOLL, JJ.
DOUCET, Judge.
This case arises from an automobile accident in which Joy Tassin, a 13-year old girl, sustained injuries which caused her death.
Joy was a guest passenger in a car driven by her aunt, Connie Clowes, when that vehicle was involved in a collision with a pickup truck owned by Schilling Distributing, Inc. Joy died approximately seven hours after the accident during surgery for injuries sustained during the accident.
Joy's parents, Bruce Tassin and Linda Bunch, are divorced. Each filed a separate suit alleging wrongful death and survivorship claims. Named as defendants were, among others, Connie Clowes and Zurich American Insurance Co., the uninsured/underinsured motorist carrier for Mr. and Mrs. Charles Friedman. Mrs. Friedman was Joy's aunt with whom she had lived for several months prior to the accident.
The suits were consolidated for trial. During the trial by jury of the consolidated cases, the court declared a mistrial as to the claims of Linda Bunch. The court proceeded to a verdict in connection with Mr. Tassin's suit.
The jury in the Tassin case awarded $30,000 for damages suffered by Joy Tassin but found that Joy was not a resident of the Charles Friedman household on July 3, 1986, the day of her death. Therefore, the UM coverage provided by Zurich Insurance in the policy of insurance issued to the Friedmans was found not to cover damages suffered by Joy; that coverage being only provided for residents of the Friedman household.
Tassin appealed from the jury verdict's finding that Joy was not a member of the Friedman household at the time of her death. His appeal was subsequently abandoned, on motion of the defendants, for failure to pay estimated costs of appeal.
In February of 1988, prior to the consolidation of the two suits for trial, Tassin filed a petition for intervention in February of 1988, in his ex-wife, Linda Bunch's action. Linda Bunch's suit was tried separately in April 1989. The jury in the Bunch trial found that Joy was a member of the Friedman household at the time of her death. As a result, they reached a verdict in favor of Linda Bunch, as evidenced by the following special verdict form turned in by the jury and filed into the record.
*504
 SPECIAL VERDICT FORM
1. Was Connie Clowes guilty of substandard conduct which caused
 plaintiff's damages?
 Yes 
 No ________________
2. What is the total amount of damages, for conscious pain
 and suffering, if any, in dollars, suffered by Joy Tassin?
 $ 
3. What is the total amount of damages due Linda Bunch for
 medical and funeral expenses, if any, in dollars?
 $ 
4. What is the total amount of damages due Linda Bunch for
 the wrongful death of Joy, if any, expressed in dollars?
 $ 
5. Was Joy Tassin a resident of the Charles Freidman household
 on July 3rd, 1986?
 Yes 
 No ________________
Date: April 1989 
 ---------------------
 JURY FOREPERSON
The trial court, in its amended judgment of July 18, 1989, stated that Linda Bunch was entitled to only half of the amount of damages awarded for the conscious pain and suffering of Joy Tassin, $25,000.00. Therefore, adding this amount to the jury awards for medical and funeral expenses and for wrongful death, the court rendered judgment in favor of Linda Bunch in the total amount of $60,000.00, with judicial interest from February 12, 1987.
Mrs. Bunch appeals, arguing that since Bruce Tassin was not before the court, she should have been awarded the full amount representing Joy Tassin's conscious pain and suffering.
Bruce Tassin was before the Bunch trial court as an intervenor; however, because Tassin had already proceeded to trial and final judgment in a separate suit, his intervention may not have been viable. In a comparison of Tassin's original petition in his own suit and his petition of intervention in the Bunch suit, we find that an exception of lis pendens as to the intervention would have been well founded. Lis pendens is available where a final judgment in a prior suit would be res judicata in *505 a later suit. Sims v. Sims, 247 So.2d 602 (La.App. 3rd Cir.1971); Scott v. Ware, 160 So.2d 237 (La.App. 2nd Cir.1964); Miguez v. Miguez, 128 So.2d 804 (La.App. 3rd Cir. 1961). However since no exception was filed, the prosecution of both cases was properly continued until the rendition of the first final judgment which is conclusive of all. La.C.C.P. art. 531; Morice v. Morice, 386 So.2d 913 (La.1980). Essentially, the first final judgment renders all other pending matters res judicata.
Because an appeal of the judgment in the Tassin case was pending at the time of trial of the Bunch suit, the intervention was pending at that time also. However, since that time, but prior to the rendition of a judgment on the appeal of this case, the Tassin appeal was dismissed, which had the effect of finalizing the judgment in the Tassin case, thereby concluding the intervention as well.
As a result we need not consider Tassin when determining whether the award was properly allocated.
Absent a pending claim by Tassin, we can find no authority which would allow the apportionment of the award for the conscious pain and suffering of Joy Tassin to Bruce Tassin. The court in Booty v. Kentwood Manor Nursing Home, Inc., 483 So.2d 634 (La.App. 1st Cir.1985), writ denied, 486 So.2d 754, (La.1986), reversed a similar apportionment of an award, as follows:
"In Giroir v. South Louisiana Medical Center, 453 So.2d 949 (La.App. 1st Cir. 1984), affirmed and amended in part, reversed in part on other grounds, 475 So.2d 1040 (La.1985), this court stated:
`(W)e know of no authority which states that when only one of the potential claimants is before the court (on a survival action) that his award must be reduced proportionately by the amount that could have been claimed by other parties.'"
Accordingly, we find that Mrs. Bunch is entitled to the full $50,000.00 award for the conscious pain and suffering of Joy Tassin.
As a result, the judgment of the trial court is amended to reflect an award of $85,000.00 to Linda Bunch. In all other respects, the judgment is affirmed. Costs of this appeal are to be paid by the appellee, Zurich American Insurance Co.
AFFIRMED AS AMENDED.
GUIDRY and FORET, JJ., dissent and assign reasons.
GUIDRY, Judge, dissenting.
In the instant case, the only parties having a right of action to recover survival damages for the death of Joy Tassin were her father (Bruce) and her mother (Linda). C.C. art. 2315.1 subd. A(2). Both of these parties filed separate suits seeking such recovery and Bruce filed an intervention in the suit filed by Linda. It is clear that when several parties seek recovery in a survival action, the amount of the award is apportioned equally among them. See Davis v. Owen, 368 So.2d 1052 (La.1979). Thus, in the instant case, since both members of the class entitled to survival damages filed and pursued a claim for such damages, it is clear that neither could claim or was entitled to an award in excess of one-half of the survival damages. Because of an unfortunate turn of events, the suits of the parties, although initially consolidated, were tried separately resulting in a denial of recovery against the UM insurer in the case filed by Bruce and an award of recovery in the suit filed by Linda. The judgment of the trial court denying recovery to Bruce became final when his appeal was abandoned.
In the instant case, the special verdict form submitted to the jury, although asking for the "damages due Linda Bunch" for medical expenses, funeral expenses and for wrongful death, states as follows with regard to survival damages:
"What is the total amount of damages, for conscious pain and suffering, if any, in dollars, suffered by Joy Tassin?" (emphasis ours)
Thus, this interrogatory sought a fixing of the total award for survival damages, only one-half of which could be claimed or *506 awarded to Linda. To decide otherwise is to completely ignore the previous claim of Bruce for his share of such damages and the res judicata effect of the final judgment in Bruce's suit against Zurich American.
In brief to this court, Linda Bunch urges that, since she was the only plaintiff known to the jury, in fixing the award for survival damages, the jury must have intended to award the total of $50,000.00 to Linda. Thus, appellant additionally argues this as a basis for error in the trial court's reduction of the survival damage award.
In response, appellee urges that the special verdict form is clear and explicit; appellant made no objection to the form of verdict; and, objection at this time is untimely and has been waived. (La.C.C.P. arts. 1793 and 1812).
In my view, the jury interrogatories are clear and explicit. There is no indication in the record that the jury was misled or misunderstood the jury interrogatories. Additionally, appellant's objection to the interrogatory regarding survival damages is untimely and must be considered as waived. Finally, it would be pure conjecture and speculation to find that the jury misunderstood this clearly worded interrogatory such that it intended to find the "total amount of damages, for conscious pain and suffering, if any, ... suffered by Joy Tassin" to be $100,000.00.
The decisions of our brethren of the First Circuit in Booty v. Kentwood Manor Nursing Home, Inc., 483 So.2d 634 (La.App. 1st Cir.1985), writ denied, 486 So.2d 754 (La. 1986) and Giroir v. South Louisiana Medical Center, 453 So.2d 949 (La.App. 1st Cir. 1984), affirmed and amended in part, reversed in part, 475 So.2d 1040 (La.1985), do not support the holding of the majority. Without expressing agreement or disagreement with the holding in Booty, it stands only for the proposition that where a member of the primary class under Art. 2315.1 waives his/her rights, there is no authority for dimunition of the survival damage award to which the remaining siblings are entitled. These facts are far removed from the instant case where a member of the primary class pursues his right of action for survival damages to final judgment. Likewise, Giroir stands only for the proposition that as between a surviving spouse and children, the award of survival damages should be equally apportioned. In Giroir, the Supreme Court's decision rendered moot the issue whether, had the childrens' claims prescribed, the surviving spouse's award should be reduced. However, in any event, in my view, there is a clear distinction between a situation where a member of the primary class waives or allows his/her claim to prescribe and the situation, as in this case, where a member of the primary class unsuccessfully pursues a claim for survival damages to final judgment.
For these reasons, I respectfully dissent.
FORET, Judge, dissenting.
While I am in general agreement with the dissent filed by my esteemed colleague, Judge Guidry, I am of the opinion that the judgment of the trial court should be amended to reserve Bruce Paul Tassin an opportunity to assert his right to $25,000, (one-half of the $50,000 in damages) or to waive same. In my opinion, the trial judge was correct in apportioning one-half of the survival damage award to Linda Bunch, as pointed out by Judge Guidry in his dissent. However, I believe that the trial judge erred in failing to reserve the rights of Bruce Tassin to claim his portion of the general damage award. That being the case, in my view, Bruce Paul Tassin should be ordered by the trial court to either re-assert his claim for $25,000, or to waive same.
In my opinion, C.C. arts. 2293, et seq., dealing with quasi contracts, and particularly, of a quasi contract resulting from the management of another's affairs, as set out in Article 2295, create a situation where Linda Bunch, in pursuing her case for conscious pain and suffering of the child, Joy Tassin, prior to death, was acting in the capacity of a negotiorum gestor. Linda's recovery of the $50,000 was "the management of another's affairs," for the *507 benefit of Bruce Paul Tassin or possibly for the Succession of Joy Tassin.
This case raises several theoretical, procedural, and substantive law questions that apparently were not considered by the majority.