636 So.2d 1153 (1994)
Keith P. CENTANNI, Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, et al., Defendants-Appellees.
No. 93-1133.
Court of Appeal of Louisiana, Third Circuit.
May 4, 1994.
Rehearing Denied June 20, 1994.
*1154 Keith James Labat, Thibodaux, for Keith P. Centanni.
James Michael Dill, Lafayette, for Ford Motor Co., et al.
Before GUIDRY, LABORDE, THIBODEAUX and SAUNDERS, JJ., and BERTRAND,[1] J. Pro Tem.
LABORDE, Judge.
Plaintiff seeks relief under LSA-R.S. 13:4232(A)(1) from the judgment by the trial court sustaining defendant's exception of res judicata. We affirm.

Facts
Plaintiff was allegedly injured in an automobile accident on April 18, 1990, in Jefferson Davis Parish. He filed two identical suits on April 17, 1991, naming as defendants his employer and Ford Motor Company. One suit was filed in Lafourche Parish, the parish of his employer. The other suit was filed in Jefferson Davis Parish. Plaintiff, opting to proceed with the Lafourche Parish suit, had Ford served with that suit only.
The Lafourche Parish suit against the employer was dismissed on summary judgment. As the injured worker's sole remedy against his employer was found to lie in workers compensation, LSA-R.S. 23:1032, dismissal of the employer destroyed venue as to Ford, whose exception on that basis was maintained.
The trial judge then permitted plaintiff to transfer his remaining claims to a proper venue. LSA-CCP art. 932. Plaintiff elected to transfer the suit to the 24th Judicial District Court in Jefferson Parish (Gretna), Louisiana. *1155 There, Ford immediately filed an exception of prescription.
The 24th District Court in Jefferson Parish granted the exception, dismissing plaintiff's suit against Ford with prejudice, because the Lafourche Parish suit was not served until after the prescriptive period had run. Plaintiff did not appeal this decision.
Subsequent to the deadline for appealing this Jefferson Parish (Gretna) judgment, plaintiff sought to awaken the long dormant and never served (Jennings) Jefferson Davis Parish action. In response, Ford filed an exception of res judicata seeking recognition of the judgment in Jefferson Parish.
The sole question on appeal is whether the Jefferson Davis Parish court properly sustained Ford's exception and dismissed plaintiff's action.

LAW AND ANALYSIS
In this case, there is no question that this action, the Jefferson Davis suit with which Ford was served, is now res judicata. Below its caption, the Jefferson Davis suit plaintiff now seeks to advance is a carbon copy of the one he failed to appeal in Jefferson Parish: same object; same causes of action; same parties sharing the same legal identity. Cf. Mitchell v. Bertolla, 340 So.2d 287, 292 (La. 1976); State, Dept. of Social Serv. v. Coleman, 616 So.2d 844 (La.App. 3d Cir.1993).
Where identical suits are filed in separate jurisdictions and defendants fail to raise an exception of lis pendens, "the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all." LSA-CCP art. 531; Bunch v. Schilling Distributing Inc., 589 So.2d 502 (La.App. 3d Cir.), writ denied, 592 So.2d 1319 (La.1991). The grant of a peremptory exception of prescription constitutes a final judgment. Lee v. Champion Insurance Co., 591 So.2d 1364 (La.App. 4th Cir.1991). A valid, final judgment in favor of the defendant is conclusive between the parties. It extinguishes all causes of action arising from the same transaction or occurrence that is the subject matter of the suit and bars similar subsequent actions unless the judgment is reversed on appeal. LSA-R.S. 13:4231(2); see also comment (d).
The question thus becomes whether plaintiff is of the class for whom LSA-R.S. 13:4232(A)(1) is designed to afford relief from the effects of res judicata for his failure to timely appeal the Jefferson Parish action.[2] The answer depends on whether "exceptional circumstances justify relief from the res judicata effect of the judgment" rendered in Gretna.[3]
We find no "exceptional circumstances," no convoluted factual or legal scenarioin fact, no circumstances of any kindto justify plaintiff's failure to appeal the Gretna judgment. The failure to appeal was not occasioned by some "horrendous injustice." Cf. Jenkins v. State, 615 So.2d 405, 406-407 (La.App. 4th Cir.), writ denied, 617 So.2d 932 (La.1993). LSA-R.S. 13:4232(A)(2) is designed to protect those drawn into error by an awkward factual or legal scenario, not by those who can allude to no circumstance to justify no action at all. Thus, we affirm the judgment below.
In doing so, we recognize that res judicata defenses require strict proof. Indeed, we would subscribe to the conclusion *1156 plaintiff espouses had Ford possessed knowledge of plaintiff's first action, which was timely filed, or had Ford acknowledged plaintiff's rights against it. See generally LSA-CC arts. 3462 (knowledge) and 3463 (acknowledgement), and Comments. Prescription statutes comfort potential parties defendant who do not know that litigation is pending against them from losses, and the fear of losses, that might otherwise arise from stale claims and from the loss of relevant proof; they are not designed to protect those who should know that litigation is pending against them. See generally Giroir v. South La. Medical Center, 475 So.2d 1040, 1045 (La. 1985). In accord, Maquar v. Transit Management, 593 So.2d 365, 368 (La.1992); Parker v. Southern American Ins. Co., 590 So.2d 55, 56 (La.1991); Totty v. Dravo Corp., 413 So.2d 684, 686 (La.App. 3d Cir.1982).
In this case, plaintiff has neither shown any justification for his failure to advance his case nor that defendant's knowledge of timely filed litigation precludes its ability to rely on prescription defenses. Further, plaintiff's failure to timely appeal that judgment, out of fairness to defendant, legally negates our authority to review a final judgment rendered in accordance therewith. The safety net provided by LSA-R.S. 13:4232(A)(1) is no substitute for a party's unjustified failure to apply for a new trial, file an appeal, or seek a nullity judgment, each of which were required to have been filed earlier (and elsewhere). For these reasons, we are compelled to affirm the finding of the lower court. Costs assessed to plaintiff-appellant.
AFFIRMED.
THIBODEAUX, J., dissents and assigns written reasons.
SAUNDERS, J., dissents for the reasons assigned by THIBODEAUX, J.
THIBODEAUX, Judge, dissenting.
I respectfully dissent.
The peculiar and somewhat convoluted factual environment of this case constitutes "exceptional circumstances [justifying] relief from the res judicata effect of the judgment." La.R.S. 13:4232(A)(1). As the Comments to that article indicate, a court is authorized to exercise its equitable discretion to grant relief under some circumstances. That discretion should be exercised in this case.
A liberal construction must be given to res judicata principles and all doubts must be resolved against the party urging the application of that theory. A plea of res judicata should not be sustained unless its application is clearly justified. State, Department of Social Services, in Interest of Sterling v. Coleman, 616 So.2d 844 (La.App. 3d Cir. 1993).
Res judicata is remedial in character and should not be applied to prohibit the disposition of cases on their merits, whenever possible. Access to our courts should not be precluded because of procedural hypertechnicalities such as that which exist in this case. La. R.S. 13:4232(A)(1) was clearly intended as an equitable remedy to strike a proper balance between the conflicting principles that, on one hand, litigation must terminate at some point and, on the other hand, justice must be effectuated. While we recognize that sanctity of final judgments expressed in the notion of res judicata, we also recognize the command of our court's conscience that justice be done in light of all facts.
SAUNDERS, J., dissents for the reasons assigned by THIBODEAUX, J.
NOTES
[1] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision as Judge Pro Tempore by appointment of the Louisiana Supreme Court.
[2] But for plaintiff's failure to appeal the judgment arising in another circuit, in all probability, the outcome would be different. See, e.g., Johnson v. Sweat, 265 So.2d 801 (La.App. 3d Cir.), writ refused, 263 La. 105, 267 So.2d 211 (1972).
[3] The provision provides as follows:

§ 4232. Exceptions to the general rule of res judicata
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.
B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse's education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.