**Rosetta HILLARY, Plaintiff,**

v.

**TRANS WORLD AIRLINES, INC., Defendant.**

No. 91–2261(C)6.

United States District Court, E.D. Missouri, Eastern Division.

July 17, 1996.

W. Lloyd Bowers, Lawrence D. Wiedemann, Wiedemann and Wiedemann, New Orleans, LA, for plaintiff.

Frank N. Gundlach, Armstrong and Teasdale, St. Louis, MO, for defendant.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on defendant Trans World Airline's ("TWA") renewed motion to dismiss or in the alternative for summary judgment. Document 18. Plaintiff Rosetta Hillary has responded to the renewed motion. Document 20. The parties have also filed supplemental memoranda. Documents 22, 23. For the reasons set forth below, TWA's motion is **GRANTED.**

## I. BACKGROUND

Plaintiff filed this action on November 5, 1991, alleging that she was injured on March 16, 1987, while she was a passenger on a TWA flight from Los Angeles, California to New Orleans, Louisiana. Document 3. According to the complaint, the injury occurred during a stop in St. Louis, when a TWA employee negligently dropped a metal case containing a typewriter on plaintiff's head. *Id.* Plaintiff alleged that she suffered injuries to her head, neck, and back and suffered loss of hearing and damage to her eyesight. *Id.*

On December 20, 1991, TWA moved to dismiss or in the alternative for summary judgment on the ground of res judicata. Document 7. In support of the motion, TWA asserted that on April 5, 1991, plaintiff filed an identical claim against TWA arising from the same incident in the United States District Court for the Eastern District of Louisiana and attached a copy of the complaint to its motion. *Id.,* Exh. 1. TWA moved for summary judgment in the Louisiana action, arguing that plaintiff's claim was barred by Louisiana's one-year statute of limitations. In response to TWA's motion, plaintiff filed this action and moved for voluntary dismissal without prejudice of the Louisiana complaint pursuant to Fed.R.Civ.P. 41(a)(2). Document 20, Exhs. F, G. On December 2, 1991, the District Court in Louisiana granted TWA's motion, concluding that plaintiff's complaint was barred by the statute of limitations, and dismissed the action with prejudice. Document 7, Exhs. 2–3. The Court denied plaintiff's motion for voluntary dismissal without prejudice under Fed.R.Civ.P. 41(a)(2) because such action would deprive TWA of a valid statute of limitations defense. *Id.,* Exh. 3 at 2.

In response to TWA's motion in this case, plaintiff argued that the order dismissing the Louisiana action as time-barred is not entitled to res judicata effect here because a statute of limitations defense is procedural in nature rather than substantive. Document 8. Plaintiff also noted that the Louisiana Court's order stated that it had not considered the merits of plaintiff's claims and that Court had expressed no opinion "as to whether this matter can now be litigated in some other forum that does not apply the Louisiana prescriptive period." *Id.,* exh. 1 at 2–3.

Thereafter, TWA filed a suggestion of bankruptcy, Document 10, and this Court entered an order staying the action pending further order of Court. Document 11. The Court subsequently entered an order denying TWA's pending motion without prejudice to its refiling after the lifting of the bankruptcy stay. Document 12. On July 7, 1994, TWA notified the Court that the bankruptcy stay had been lifted and that TWA's motion for summary judgment was still pending. Document 13. On July 12, 1994, counsel for plaintiff submitted a letter to the Court indicating that he had spoken with defense counsel regarding a stipulation allowing this case to go forward and had asked defense counsel to refile the motion for summary judgment pending execution of the stipulation. Document 14.

Neither party took any further action until this Court issued an order on January 3, 1996, requiring plaintiff to show cause why the case should not be dismissed for failure to prosecute. Document 15. Plaintiff filed a response to the order, Document 16, and TWA replied, re-urging its motion to dismiss or in the alternative for summary judgment. Document 18. TWA attached to its reply the unpublished decision of the United States Court of Appeals for the Fifth Circuit, affirming the District Court's grant of summary judgment in favor of TWA in the Louisiana action. *Id.*, Exh. 2. Plaintiff filed a supplemental response to the Court's show cause order opposing TWA's renewed motion. Document 20. The parties have since filed supplemental memoranda, and the matter is ripe for decision.

## II. DISCUSSION

The Court will treat TWA's motion as one for summary judgment because matters outside the pleadings have been presented to and not excluded by the Court. *See* Fed. R.Civ.P. 12(b). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Matsushi-ta Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

TWA contends that it is entitled to judgment as a matter of law on the ground of res judicata. The underlying facts are not in dispute. The only issue before the Court, therefore, is whether the dismissal of plaintiff's identical lawsuit by the District Court in Louisiana bars plaintiff's claim here.

■ The preclusive effect to be given to the dismissal of plaintiff's prior, identical action must be determined by reference to Louisiana law. *See Austin v. Super Valu Stores, Inc.*, 31 F.3d 615, 617–19 (8th Cir. 1994). Under current Louisiana law, all actions arising from the same transaction or occurrence that is the subject matter of a prior final judgment are barred. La.Rev. Stat. § 13:4231; *Follette v. Wal–Mart Stores, Inc.*, 41 F.3d 1234, 1237 (8th Cir.1994), *on reh'g*, 47 F.3d 311 (8th Cir.), *cert. denied*, ── U.S. ──, 116 S.Ct. 66, 133 L.Ed.2d 28 (1995). "A valid, final judgment in favor of the defendant is conclusive between the parties. It extinguishes all causes of action arising from the same transaction or occurrence that is the subject matter of the suit...." *Centanni v. Ford Motor Co.*, 636 So.2d 1153, 1155 (La.Ct.App.), *writ denied*, 644 So.2d 656 (La.1994). Louisiana courts have held that a dismissal based on a plea of prescription (the statute of limitations) is a final judgment for res judicata purposes. *See id.; Guidry v. Bayly, Martin & Fay, of Louisiana, Inc.*, 545 So.2d 567, 569–70 (La. Ct.App.), *writ denied*, 551 So.2d 638 (La. 1989).

The Eighth Circuit's decision in *Austin* is instructive. There, the plaintiff commenced a personal injury action based on diversity jurisdiction in the United States District Court for the Eastern District of Louisiana. The District Court dismissed the action on the ground that it was barred by Louisiana's one-year statute of limitations. Thereafter, the plaintiff commenced an action in the United States District Court for the District of Minnesota against the same defendants. 31 F.3d at 616. The District Court in Minnesota dismissed on the ground of res judicata,

and the Eighth Circuit affirmed. *Id.* at 617–20.[1]

■ The facts here are virtually indistinguishable from *Austin.* Plaintiff commenced her first action against TWA in federal court in Louisiana based on diversity jurisdiction. After TWA moved for summary judgment on the ground that the complaint was barred by the Louisiana statute of limitations, plaintiff filed this identical action against TWA based on the same incident. The United States District Court for the Eastern District of Louisiana granted TWA's motion for summary judgment and dismissed the action with prejudice on December 5, 1991. That final, valid judgment is now conclusive between the parties under Louisiana law. *See Centanni,* 636 So.2d at 1155. This Court must, therefore, give preclusive effect to that judgment. *See Austin,* 31 F.3d at 618–20.

Plaintiff contends that a different result must be reached here because she filed her suit in Missouri before the case in Louisiana was dismissed. The Court does not agree. A somewhat similar factual situation arose in *Centanni.* There, the plaintiff simultaneously filed identical actions in two different Louisiana state courts—Lafourche and Jefferson Davis Parishes. The plaintiff proceeded with the Lafourche Parish case and did not serve the defendant with the lawsuit filed in Jefferson Davis Parish. The Lafourche Parish suit was subsequently transferred to another parish, where it was dismissed with prejudice as barred by the statute of limitations. The plaintiff then sought to "awaken the long dormant and never served" Jefferson Davis Parish action. *Centanni,* 636 So.2d at 1154–55. The trial court granted the defendant's motion to dismiss, giving res judicata effect to the prior dismissal. *Id.* at 1155. The appellate court affirmed the dismissal, stating that "[w]here identical suits are filed in separate jurisdictions ... the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all." *Id.* at 1155 (internal quotations and citations omitted).

Finally, plaintiff argues that the United States Court of Appeals for the Seventh Circuit rejected a similar res judicata argument in *Reinke v. Boden,* 45 F.3d 166 (7th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 74, 133 L.Ed.2d 34 (1995). After careful review, however, the Court concludes that *Reinke* does not support plaintiff's position. *Reinke* held that a federal court in Illinois erred by giving preclusive effect to a Minnesota state court's dismissal of an action as barred by that state's statute of limitations. *Id.* at 173. *Reinke* distinguished between the res judicata effect of dismissals based on a statute of limitations within one court system (intrasystem dismissals), and the res judicata effect of such dismissals on courts outside of the system in which the dismissal occurred (intersystem dismissals). *Id.* at 171. The Court acknowledged the existence of a line of cases holding that when successive actions are brought in different federal courts, a determination by the first federal court that the action is barred by the statute of limitations of one state bars a successive action in a second federal court. *Id.* at 170. The Court categorized these cases as intrasystem dismissals and noted that "[a]n intrasystem use of res judicata for dismissals on the ground of the expiration of a statute of limitations promotes judicial economy within that system." *Id.* at 171. This case, unlike *Reinke,* involves an intrasystem use of res judicata of a dismissal rendered by a federal court based on the Louisiana statute of limitations.

## III. CONCLUSION

Accordingly, based on the foregoing, the Court concludes that TWA's motion for summary judgment must be granted. The Court will issue a separate order and judgment dismissing this case.

---

1. *Austin* applied the civil law of res judicata because the action was filed before January 1, 1991. 31 F.3d at 619. Civil law res judicata is perceived to be much narrower in scope than common law res judicata. *Id.* Louisiana amended its law of res judicata in 1990, and it is now similar to common law res judicata. *Id.* at 619 n. 6. The amended, broader version of res judicata applies to this action.