# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 96-3131

———————

Rosetta Hillary,                            *
                                            *
              Appellant,                    *
                                            *   Appeal from the United States
       v.                                   *   District Court for the
                                            *   Eastern District of Missouri
Trans World Airlines, Inc.,                 *
                                            *
              Appellee.                     *

———————

Submitted: April 17, 1997

Filed: August 20, 1997

———————

Before McMILLIAN, JOHN R. GIBSON and BEAM, Circuit Judges.

———————

McMILLIAN, Circuit Judge.

Rosetta Hillary appeals from a final order entered in the United States District Court[1] for the Eastern District of Missouri granting summary judgment in favor of defendant Trans World Airlines, Inc. ("TWA"), and dismissing her complaint against TWA. Hillary v. Trans World Airlines, Inc., No. 91-2261(C)6 (E.D. Mo. July 17, 1996) (order and judgment of the district court) (hereinafter "slip op."). For reversal,

---

[1]The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

Hillary argues that the district court misapplied the Louisiana law of res judicata. For the reasons discussed below, we affirm the judgment of the district court.

## I. BACKGROUND

The underlying facts are as follows. On March 16, 1987, Hillary was a passenger on a TWA flight traveling from Los Angeles, California, to New Orleans, Louisiana. According to Hillary's complaint, during a stopover in St. Louis, Missouri, a TWA employee dropped a metal case containing a typewriter on Hillary's head. Slip op. at 1. Hillary allegedly suffered injuries to her head, neck, back, hearing, and eyesight. Id. Nearly four years later, on April 5, 1991, Hillary filed a complaint against TWA in the United States District Court for the Eastern District of Louisiana. Jurisdiction was based on 28 U.S.C. § 1332, diversity of citizenship.

In September 1991, TWA moved for summary judgment on the basis that Hillary's claim was barred by Louisiana's one year statute of limitations. Hillary opposed TWA's motion and, in the alternative, moved for voluntary dismissal of the complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). On November 5, 1991, Hillary filed an identical complaint in the United States District Court for the Eastern District of Missouri, where the applicable Missouri statute of limitations period is five years. On November 27, 1991, the district court in Louisiana granted TWA's motion for summary judgment on the ground that the action was time-barred under Louisiana law. Hillary v. Trans World Airlines, Inc., No. 91-1312D(6), slip op. at 2 (E.D. La. Dec. 2, 1991). The district court in Louisiana further denied Hillary's motion for voluntary dismissal without prejudice, id. at 3 (citing Phillips v. Illinois Cent. Gulf R.R., 874 F.2d 984 (5th Cir. 1989)), and final judgment was entered dismissing Hillary's claim with prejudice. Id. In January 1994, the United States Court of Appeals for the Fifth Circuit, in an unpublished opinion, affirmed the Louisiana district court's grant of summary judgment in favor of TWA, the denial of Hillary's motion for voluntary dismissal without prejudice, and the dismissal of Hillary's claim with

prejudice.  <u>Hillary v. Trans World Airlines, Inc.</u>, 15 F.3d 180 (5th Cir.) (table) (No. 92-3001), <u>cert. denied</u>, 511 U.S. 1128 (1994).

In December 1991, TWA filed a motion to dismiss or, in the alternative, for summary judgment in the district court in Missouri on the basis that Hillary's claim was barred by the doctrine of res judicata, or "claim preclusion."  Thereafter, TWA filed for bankruptcy, and the district court in Missouri entered an order staying Hillary's action.  <u>Hillary v. Trans World Airlines, Inc.</u>, No. 91-2261C(6) (E.D. Mo. June 10, 1992).  In July 1994, the stay was lifted, and TWA renewed its motion to dismiss or, in the alternative, for summary judgment.  On July 17, 1996, the district court in Missouri granted TWA's motion for summary judgment on the ground of res judicata, holding that, under Louisiana law, a dismissal based on a plea of prescription (i.e. the statute of limitations) is a final judgment for res judicata purposes.  This appeal followed.

## II. DISCUSSION

"We review the district court's grant of summary judgment de novo, applying the same standards and affirming only when the record shows that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." <u>Reliance Ins. Co. v. Shenandoah South, Inc.</u>, 81 F.3d 789, 791 (8th Cir. 1996) (citing Fed. R. Civ. P. 56(c), and <u>Johnson v. Group Health Plan, Inc.</u>, 994 F.2d 543, 545 (8th Cir. 1993)). We view the record in the light most favorable to the non-moving party. <u>Marshall v. UNUM Life Ins. Co.</u>, 13 F.3d 282, 283 (8th Cir. 1994) (citations omitted).

Hillary argues that the preclusive effect of the judgment of the district court in Louisiana is a matter of Louisiana state law because the case was based on diversity jurisdiction.  By contrast, TWA contends that federal law applies to determine the preclusive effect of the judgment. Additionally, Hillary contends that the district court in Missouri should have applied a Louisiana equitable res judicata rule which grants relief from res judicata in "exceptional circumstances" such as attorney error. Hillary

also argues that the district court in Louisiana erroneously denied her motion to voluntarily dismiss without prejudice because a separate and identical lawsuit had already been timely filed in Missouri.

Although the majority of circuits have held that the res judicata effect of a federal court judgment in a diversity action is a matter of federal law, "cases from this circuit have consistently concluded that [the res judicata or] collateral estoppel [effect of a prior judgment] in a diversity action is a question of substantive law controlled by state common law."  Austin v. Super Valu Stores, Inc., 31 F.3d 615, 617 (8th Cir. 1994) (quoting Lane v. Sullivan, 900 F.2d 1247, 1250 (8th Cir.) (citations omitted), cert. denied, 498 U.S. 847 (1990)).  "This Court has consistently looked to state law to determine the effect of the judgment of another federal court in a case where state law supplied the rule of decision. This rule applies when the original judgment is that of another federal court sitting in diversity."  Follette v. Wal-Mart Stores, Inc., 41 F.3d 1234, 1237 (8th Cir. 1994) (citations omitted), cert. denied, 116 S. Ct. 66 (1995).  In determining which state's res judicata law applies, "it is fundamental that the res judicata effect of the first forum's judgment is governed by the first forum's law, not by the law of the second forum." Selmer v. Psychiatric Inst. of Washington, D.C., Inc., 575 F.2d 922, 930 (D.C. Cir. 1978) (citing Restatement (Second) Conflicts of Laws § 95 cmt. e (1971)); see also Austin v. Super Valu Stores, Inc., 31 F.3d at 618. Thus, in the present case, Louisiana law determines the preclusive effect to be given to the dismissal with prejudice of Hillary's prior identical action in the federal district court in Louisiana.[2]

---

[2]Even if the federal law of res judicata applied to this case, Hillary's claim would be barred.  Under federal law, the doctrine of res judicata bars litigation of a claim if: "(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases."  Lane v. Peterson, 899 F.2d 737, 742 (8th Cir.) (citing Murphy v. Jones, 877 F.2d 682, 684 (8th Cir. 1989)), cert. denied, 498 U.S. 823 (1990). These three elements are satisfied in the present case.

Under the Louisiana law of claim preclusion, all actions arising from the same "transaction or occurrence" that is the subject matter of a prior final judgment are barred. La. Rev. Stat. Ann. § 13:4231 (West 1997); see also Follette v. Wal-Mart Stores, Inc., 41 F.3d at 1237; Centanni v. Ford Motor Co., 636 So. 2d 1153, 1155 (La. Ct. App.), writ denied, 644 So. 2d 656 (La. 1994). "The grant of a peremptory exception of prescription constitutes a final judgment." Centanni v. Ford Motor Co., 636 So. 2d at 1155. In other words, a dismissal based upon the expiration of the statute of limitations constitutes a final judgment for res judicata purposes under Louisiana law. See Loew v. Rivers, 445 So. 2d 105 (La. Ct. App. 1984). "The defense of the statute of limitations is not a technical defense but substantial and meritorious. . . . [and] a decree dismissing a bill on the ground of lapse of time [is] a judgment upon the merits." United States v. Oregon Lumber Co., 260 U.S. 290, 299-300 (1922) (citations omitted); see also Guidry v. Bayly, Martin & Fay of Louisiana, Inc., 545 So. 2d 567, 570-71 (La. Ct. App.), writ denied, 551 So. 2d 638 (La. 1989); Loew v. Rivers, 445 So. 2d at 107. Both the cause of action and the parties involved in the Missouri case are identical to those in the Louisiana case. The cause of action in Missouri arises from the "same transaction or occurrence" as the previous case in Louisiana. Therefore, the district court's final judgment in Louisiana precludes the Missouri case.

However, Louisiana law permits exceptions to the general rule of res judicata; in particular, a judgment does not bar another action when "exceptional circumstances" justify relief from the res judicata effect of

the judgment.  La. Rev. Stat. Ann. § 13:4232(A)(1)[3]; see, e.g., Fine v. Regional Transit Auth., 676 So. 2d 1134 (La. Ct.

---

[3]La. Rev. Stat. Ann. § 13:4232, "Exceptions to the general rule of res judicata," states in relevant part:

A. A judgment does not bar another action by the plaintiff:

(1)  When exceptional circumstances justify relief from the res judicata effect of the judgment;

(2) When the judgment dismissed the first action without prejudice; or

(3) When the judgment reserved the right of the plaintiff to bring another action.

App. 1996) (exception to res judicata established when plaintiff was unaware his insurer previously filed subrogation suit, plaintiff never received proceeds, and insurer took no steps to reserve plaintiff's potential claim); <u>Ballex v. Naccari</u>, 657 So. 2d 511, 513 (La. Ct. App. 1995) (exception to res judicata established when defendant in a sexual harassment suit filed a counterclaim for defamation based on allegations in plaintiff's original petition for damages). The "exceptional circumstances" exception is similar to Fed. R. Civ. P. 60(b) and was designed "to allow the court to balance the principle of res judicata with the interests of justice. This discretion must be exercised on a case by case basis and such relief should be granted only in truly exceptional cases, otherwise the purpose of res judicata would be defeated." La. Rev. Stat. Ann. §13:4232 comment (1990).

Hillary argues that such "exceptional circumstances" exist in this case to justify departure from the general rule of res judicata. Hillary argues that her attorney erroneously filed suit in Louisiana, and she should not be punished for the errors of her attorney. Hillary maintains that she attempted to correct the attorney error by moving to dismiss the suit in Louisiana without prejudice and then timely filing suit in Missouri. Hillary also argues that the district court in Louisiana and the Fifth Circuit Court of Appeals erroneously denied her motion to dismiss without prejudice.

Hillary's "exceptional circumstances" argument appears for the first time on appeal, and thus the issue is waived by her failure to raise it in the district court.  See United States v. Bentley, 82 F.3d 222, 223 (8th Cir. 1996); Standing Bear v. United States, 68 F.3d 271, 272 (8th Cir. 1995), cert. denied, 116 S. Ct. 1444 (1996).  Even if the issue had been raised in the district court, no such "exceptional circumstances" exist in this case to depart from the general rule of res judicata.

Hillary relies on Jenkins v. State, 615 So. 2d 405, 406-07 (La. Ct. App.), writ denied, 617 So. 2d 932 (La. 1993), to support her argument that attorney error justifies applying the "exceptional circumstances" exception.  In Jenkins, the plaintiff's action for damages for fraudulent conviction of murder and wrongful incarceration for thirty years was dismissed for failure to prosecute.  The plaintiff filed the original action in Louisiana state court only to have it removed to federal court.  Thereafter, the plaintiff filed a second identical action in Louisiana state court, and filed a motion in the federal district court to remand the first suit back to the state court.  The federal district court denied the motion and only eight days later dismissed the action for failure to prosecute.  The plaintiff's attorney failed to appeal the judgment of the federal district court dismissing the plaintiff's action.  The Louisiana state court did not give preclusive effect to the federal district court judgment and the Louisiana Court of Appeals affirmed.  The Jenkins court stated "[the plaintiff's] interest in proceeding with the lawsuit outweighs any interest in the strict application of res judicata, especially considering that his predicament is the result of his attorney's conduct not his own."  Id.  The court reasoned that the plaintiff had been the victim of "horrendous injustice" requiring relief from the principle of res judicata.  Id.

Unlike Jenkins, this case presents no "horrendous injustice" resulting from a highly unusual or convoluted factual or legal scenario.  See Centanni v. Ford Motor Co., 636 So. 2d at 1155.  Hillary's attorney evidently misunderstood the applicable law and consequently filed the original suit in federal district court in Louisiana rather than federal district court in Missouri.  This attorney error is not the kind of "exceptional

circumstances" justifying departure from the general law of res judicata. "[La. Rev. Stat. Ann. §] 13:4232(A)(1) is designed to protect those drawn into error by an awkward factual or legal scenario, not by those who can allude to no circumstance to justify [their actions]." Centanni v. Ford Motor Co., 636 So. 2d at 1155; see, e.g., Follette v. Wal-Mart Stores, Inc., 41 F.3d at 1238 (holding awkward legal scenario constituting "exceptional circumstances" under La. Rev. Stat. Ann. § 13:4232(A)(1) existed when the underlying suit was dismissed due to an error of the federal court in Texas in case involving "highly unusual interplay of transfer and jurisdictional doctrines").

Finally, Hillary contends that the denial of her motion to voluntarily dismiss without prejudice by the Louisiana district court and the decision of the Fifth Circuit affirming the judgment were incorrect, and thus constitute "exceptional circumstances" for the purpose of La. Rev. Stat. Ann. § 13:4232(A)(1). We do not have the power to review the decisions of the district court in Louisiana, much less those of the Fifth Circuit Court of Appeals. 28 U.S.C. § 1294 (1993). However, we can examine another court's decision to determine whether "exceptional circumstances" existed for purposes of applying La. Rev. Stat. Ann. § 13:4232(A)(1). This court, in Follette v. Wal-Mart Stores, Inc., considered the correctness of a judgment of a Texas court for precisely that reason and held that there were exceptional circumstances because of an "unusual error of the court." 41 F.3d at 1238 (noting the Texas court incorrectly transferred the suit to the Louisiana jurisdiction where the Louisiana limitations period applied and had expired). In this case, the district court in Louisiana and the Fifth Circuit Court of Appeals made no errors, much less any "unusual errors," in the application of the law of Louisiana. Applying its own precedent, the Fifth Circuit held that the district court did not abuse its discretion in denying Hillary's motion to dismiss without prejudice because, absent a dismissal with prejudice, TWA would have suffered clear legal prejudice -- the loss of its statute of limitations defense. Hillary v. Trans World Airlines, Inc., No. 92-3001, slip op. at 4-5.

## III. CONCLUSION

We agree with the district court that the dismissal on statute of limitations grounds entered by the district court in Louisiana was final, with prejudice, and constituted an adjudication on the merits for res judicata purposes under Louisiana law.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-10-