# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3930

_____

| | | |
|---|---|---|
| First Realty, Ltd., | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Frontier Insurance Company, a | * | District Court for the |
| subsidiary of Frontier Insurance | * | Southern District of Iowa |
| Group, Inc.; Bankers Multiple | * | |
| Line Insurance Company, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: June 13, 2001
Filed: August 6, 2004 [1]

_____

Before McMILLIAN and RICHARD S. ARNOLD, Circuit Judges, and
ROSENBAUM,[2] District Judge.

_____

McMILLIAN, Circuit Judge.

_____

[1]This appeal was stayed in February 2002. By separate order, we have lifted the stay.

[2]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

First Realty, Ltd. (First Realty) appeals from a final judgment entered in the District Court for the Southern District of Iowa granting summary judgment in favor of Frontier Insurance Company (Frontier). For reversal, First Realty argues that the district court erred in holding that Frontier did not have a duty to defend it in a suit arising from its role in the sale of property. Following oral argument, we held the appeal in abeyance following the entry of an order of rehabilitation on behalf of Frontier in a New York state court. By separate order, this court has lifted the stay. We reverse and remand the case to the district court for further proceedings consistent with this opinion.

## BACKGROUND

Frontier insured First Realty under a liability policy covering claims "alleging an error, omission, or negligent act relating to the rendering of or failure to render "Professional Services." As relevant here, the policy excluded coverage for "claims arising out of, relating to or based upon the . . . presence of storage tanks, . . . hazardous materials, radon, gases or other material, irritant, contaminant, [or] pollutant." In July 1997, First Realty was the broker for Anthony and Shari Addy in the sale of their property to Greg and April Johnson. The Johnsons filed suit in state court against the Addys and First Realty, seeking rescission of the contract. In a second amended petition, the Johnsons alleged that First Realty had failed to disclose the presence of a former municipal solid waste disposal site and hazardous materials on the seller's disclosure statement and the ground disclosure statement, in violation of Iowa Code §§ 558A and 558.69. The Johnsons further alleged that the misrepresentations that there was no solid waste disposal site or environmental concerns were fraudulently or negligently made and caused damages.

Frontier declined First Realty's demands to defend the suit, citing the pollution exclusion. In support of one of its demands, First Realty submitted deposition

testimony by the Johnsons' expert indicating that there was no hazardous waste on the property and that no gases were emanating from the property.

The jury rejected the fraud claim against First Realty. However, the jury found that First Realty had negligently misrepresented the condition of the property, but awarded no damages. First Realty then filed the instant suit against Frontier, alleging breach of contract and the tort of bad faith. The district court granted Frontier's motion for summary judgment, holding that it had no duty to defend because the pollution exclusion precluded coverage. Because there was no duty to defend, the district court held there could be no bad faith. This appeal follows.

**DISCUSSION**

We review the district court's grant of summary judgment de novo and affirm if "the record shows that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." Hillary v. Trans World Airlines, Inc., 123 F.3d 1041, 1043 (8th Cir. 1997) (internal quotation omitted), cert. denied, 522 U.S. 1090 (1998). Under Iowa law, which governs this case, the insurer's "duty to defend arises 'whenever there is potential or possible liability to indemnify the insured based on the facts appearing at the outset of the case.'" Employers Mut. Cas. Co. v. Cedar Rapids Television Co., 552 N.W.2d 639, 641 (Iowa 1996) (Cedar Rapids Television Co.) (quoting A.Y. McDonald Indus., Inc. v. Insurance Co. of N. Am., 475 N.W.2d 607, 627 (Iowa 1991) (en banc) (A.Y. McDonald Indus., Inc.)). We "look first and primarily to the petition to determine whether the alleged facts bring the claim within the policy's coverage." Norwalk Ready Mixed Concrete, Inc. v. Travelers Ins. Cos., 246 F.3d 1132, 1136 (8th Cir. 2001) (applying Iowa law). However, "[w]hen necessary we expand our scope of inquiry to any other admissible and relevant facts in the record." First Newton Nat'l Bank v. General Cas. Co., 426 N.W.2d 618, 623 (Iowa 1998) (First Newton Nat'l Bank).

Moreover, as first Realty points out, the rule in Iowa is "[i]f any claim alleged against the insured can rationally be said to fall within [the policy's] coverage, the insurer must defend the entire action.'" Cedar Rapids Television Co., 552 N.W.2d at 641 (quoting A.Y. McDonald Indus., Inc., 475 N.W.2d at 627). The Iowa Supreme Court explained that this rule "assures that the insured will have a coherent, coordinated defense aimed at defeating all of the claims, rather than separate defenses that might work at cross purposes." First Newton Nat'l Bank, 426 N.W.2d at 630. The supreme court also noted that "the reasonable expectation of the insured would be that the insurer would defend the entire action, rather than just a part of it." Id. "In case of doubt as to whether the petition alleges a claim that is covered by the policy, the doubt is resolved in favor of the insured." A.Y. McDonald Indus., Inc., 475 N.W.2d at 627.

Before we look to the pleadings, however, "[o]ur first task is to ascertain the metes and bounds of the [pollution] exclusion." West Bend Mut. Ins. Co. v. Iowa Iron Works, Inc., 503 N.W.2d 596, 599 (Iowa 1993) (West Bend). Under Iowa law, an insurer must "define any limitations or exclusionary clauses in clear and explicit terms" and "[t]he burden of proving that coverage is excluded by an exclusion or exception in the policy rests upon the insurer." Id. at 598 (internal citations omitted). If a policy is ambiguous, a court must adopt the "construction most favorable to the insured." Id.

Relying on West Bend, First Realty argues that the pollution exclusion is ambiguous. In West Bend, the Iowa Department of Natural Resources (DNR) sued the insured for an alleged violation of Iowa Code § 455B.307, which prohibits the depositing of solid waste at an unlicensed site. The section provides that "solid waste does not include hazardous waste," which is defined in Iowa Code § 455B.411(4)(a) as waste which causes or can potentially cause serious illness or poses a substantial present or potential hazard to health or the environment. Relying on a pollution exclusion, the insurer refused the insured's demand to defend the action. The

pollution exclusion provided that the liability policy precluded coverage for claims arising out "of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants." West Bend, 503 N.W.2d at 599 n.2. The term "pollutant"meant any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." Id. The term "waste" included "materials to be recycled, reconditioned or reclaimed." Id. The Iowa Supreme Court held that the term "waste" in the policy was ambiguous, noting, among other things, it could have included "innocuous rubbish." Id. at 600. In holding that the insurer had a duty to defend, the court reasoned that because the statutory violation was "not necessarily based on contaminant or irritant materials," the underlying suit was "grounded on a claim broader than the limits of the policy's pollution exclusion." Id.

First Realty also notes Sargent Constr. Co. v. State Auto Ins. Co., 23 F.3d 1324 (8th Cir. 1994), which involved construction of a pollution exclusion identical to the one at issue in West Bend under Missouri law. Like the Iowa Supreme Court, this court held that the exclusion was ambiguous. We reasoned that the "phrase 'irritant or contaminant' is susceptible of more than one meaning" because it could mean a substance that actually caused physical irritation or environmental contamination or merely had the capability of doing so. Id. at 1327. Because the phrase was ambiguous, Missouri law, like Iowa law, required that the phrase be construed in favor of the insured. Id. We noted that the reason for the rule of construction was because "insurance is designed to furnish protection to the insured, not defeat it." Id. at 1326 n.3.

Likewise, in this case, we agree with First Realty that the terms "other material," "irritant," and "contaminant" in the pollution exclusion are ambiguous, and thus must be construed in favor of the insured. We now look to the complaint in the underlying action to determine whether any of the facts alleged fall within the policy's coverage. First Realty concedes that the allegations concerning the presence of hazardous materials on the property fall within the pollution exclusion. However, it

argues that the claim for failure to disclose the presence of a former solid waste disposal site falls within the policy's coverage for negligent misrepresentation. We agree. The Johnsons alleged that First Realty negligently misrepresented that there was no solid waste disposal site or area environmental concerns on the seller's disclosure statement and groundwater statement, in violation of Iowa Code §§ 558.69 and 558A.6. As First Realty notes § 558.69 differentiates between a hazardous solid waste site and a non-hazardous one. The section provides that a "statement must state that no known disposal site for solid waste . . . which has been deemed hazardous by the [DNR] exists on the property" or "if such a known disposal site does exist, the location of the site on the property." The groundwater statement at issue here likewise differentiates between a hazardous and non-hazardous solid waste disposal site. The groundwater statement provides that if a seller knows of a solid waste disposal site on a property, he or she must indicate either that "no notice has been received from the [DNR] that the site is deemed to be potentially hazardous" or that the DNR had deemed the site to be potentially hazardous. Thus, it is clear that not all solid waste disposal sites contain hazardous materials. Rather, a site could contain "innocuous rubbish." West Bend, 503 N.W.2d at 600; see also Iowa Code § 455B.301.20 (solid waste includes "garbage, refuse, rubbish and other similar discarded solid or semisolid materials"). Because at least one claim in the underlying suit was broader than the limits of the pollution exclusion, Frontier had a duty to defend the entire action.

In any event, the duty to defend arose when First Realty provided Frontier with the Johnsons' expert deposition testimony indicating that there was no hazardous waste or gases on the property. See Central Bearings Co. v. Wolverine Ins. Co., 179 N.W.2d 443, 445 (Iowa 1970) (where insurer knows "facts extraneous to the allegations in the complaint . . . which, if proved, make out a case against the insured which is covered by the policy, the duty to defend exists") (internal quotation omitted); see also Pennzoil Co. v. United States Fid. & Guar. Co., 50 F.3d 580, 583 (8th Cir. 1995) (noting majority rule that "if the insurer acquires actual knowledge of

additional facts that establish a reasonable probability of coverage, the duty to defend is triggered"). Indeed, the jury concluded that First Realty negligently misrepresented the condition of the property by failing to disclose the presence of a former solid waste disposal site, but did not award any damages, apparently because the site did not contain pollutants or hazardous material.

First Realty also argues that the district court erred in granting summary judgment on its bad-faith claim. Because the district court granted summary judgment solely on the ground that a "bad-faith claim against an insurer presupposes a duty to defend," Zaragoza v. West Bend Mut. Ins. Co., 549 N.W.2d 510, 516 (Iowa 1996), the district court did not address the merits of the claim. Although the parties request that this court do so, we believe that the district court should address the issue in the first instance.

Accordingly, we reverse the judgment of the district court and remand the case to the district court for further proceedings not inconsistent with this opinion.[3]

_____

---

[3]Our disposition does not preclude Frontier from requesting a stay in the district court.