# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1454
_____

Matthew Thomas Lester

*Plaintiff - Appellant*

v.

Minnesota Life Insurance Company, A Securian Company

*Defendant - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: July 21, 2016
Filed: July 26, 2016
[Unpublished]
_____

Before, RILEY, Chief Judge, BOWMAN and BEAM, Circuit Judges.
_____

PER CURIAM.

Matthew Lester appeals the district court's[1] grant of the defendant's motion to dismiss, the denial of Lester's pending motions, and the dismissal of the action with

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, adopting the Report and Recommendation of the Honorable Becky R. Thorson, United States Magistrate Judge for the District of Minnesota.

prejudice. After de novo review of the record, <u>Schaefer v. Putnam</u>, No. 15-2333, 2016 WL 3568064 at *2 (8th Cir. July 1, 2016) (standard of review), including a thorough review of the two previous Oklahoma federal district court actions brought by Lester and referenced in the district court's analysis in this matter,[2] Lester's arguments on appeal, as well as the district court's careful analysis, we find no basis for reversal. <u>St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp.</u>, 539 F.3d 809, 821 (8th Cir. 2008) ("The law of the forum that rendered the first judgment controls the res judicata analysis."); <u>Hillary v. Trans World Airlines, Inc.</u>, 123 F.3d 1041, 1043 (8th Cir. 1997) ("This Court has consistently looked to state law to determine the effect of the judgment of another federal court in a case where state law supplied the rule of decision. This rule applies when the original judgment is that of another federal court sitting in diversity." (quoting <u>Follette v. Wal-Mart Stores, Inc.</u>, 41 F.3d 1234, 1237 (8th Cir. 1994))). Res judicata "is a bedrock principle of our legal system," and "is central to the purpose for which civil courts have been established." <u>Whole Woman's Health v. Hellerstedt</u>, 136 S. Ct. 2292, 2331 (2016) (Alito, J., dissenting) (second passage quoting <u>Montana v. United States</u>, 440 U.S. 147, 153 (1979)). By precluding parties from contesting matters that have already been fully and fairly litigated, the doctrine of res judicata "protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." <u>Id.</u> (quoting <u>Montana</u>, 440 U.S. at 153-54).

Accordingly, for the reasons stated in the report and recommendation adopted by the district court, we affirm the district court's dismissal of Lester's claims with prejudice, and its denial of all pending motions. <u>See</u> 8th Cir. Rule 47B.

_____

_____

[2]<u>Matthew Thomas Lester v. Minn. Life Ins. Co.</u>, No. 13-CV-443-JED-PJC (N.D. Okla. Jan. 14, 2014); <u>Matthew Thomas Lester v. Minn. Life Ins. Co.</u>, No. 14-CV-0522-CVE-FHM (N.D. Okla. Nov. 3, 2014).