# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1661

_____

Leonard N. Anderson; Carol D. Berg; Carol D. Berg LLC

*Plaintiffs - Appellants*

v.

City of St. Paul, Minnesota, a Minnesota Charter City; Steven Magner, both individually and in his official capacity as an employee of the City of St. Paul, Minnesota; Kathy Lantry; Melvin Carter; Dave Thune; Pat Harris; Russ Stark; Lee Helgen; Don Bostrom, both individually and in their capacities as members of the City Council of the City of St. Paul; Kamish Excavating, Inc., a Minnesota corporation

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: November 16, 2016
Filed: March 1, 2017

_____

Before BENTON and SHEPHERD, Circuit Judges, and STRAND, District Judge.[1]

_____

SHEPHERD, Circuit Judge.

---

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa, sitting by designation.

Leonard Anderson appeals the district court's[2] order dismissing his federal and state law claims arising from a nuisance abatement carried out on his land. For the reasons discussed below, we affirm.

I.

Mr. Anderson owns a 2.3-acre lot in St. Paul, Minnesota where he collects and stores, among other things, vehicles, trailers, commercial storage units, barrels, boats, and broken lawn mowers. Branding the collection a public nuisance, the City of St. Paul has tried for years to make Mr. Anderson clean up his lot. Indeed, this appeal is only the latest development in an ongoing struggle between Mr. Anderson and the city, one that has spawned property inspections, nuisance abatements, city council hearings, and now both state and federal lawsuits.

Just before Christmas 2011, the city issued a "notice to proceed with nuisance abatement" instructing city contractor Kamish Excavation to remove and dispose of various items of personal property stored on Mr. Anderson's lot. A month earlier, the city had ordered Mr. Anderson to cure the nuisance on his own and warned him that failure to do so could lead to an abatement by the city. Mr. Anderson did not cure the nuisance but appealed to the city council. When he failed to attend his legislative hearing, the council denied the appeal but granted an extension for Anderson to clean up the nuisance himself. The deadline arrived and the nuisance remained, so Kamish, in accordance with the city's instructions, entered Anderson's land and completed the abatement. Mr. Anderson promptly sued the city and two of its officials in the Ramsey County District Court, alleging violations of the Fifth and Fourteenth Amendments to the United States Constitution, along with state constitutional claims,

_____

[2]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

trespass, and conversion. In addition to Mr. Anderson, the plaintiffs were Anderson's long-term companion Carol Berg and her business, Berg LLC. Ms. Berg and Berg LLC were included partly because one of the items removed from Mr. Anderson's property, a commercial shipping container, belonged to Berg LLC. The trial court granted the defendants' motion for summary judgment on all claims and entered final judgment against the plaintiffs. The Minnesota Court of Appeals affirmed, and the Minnesota Supreme Court denied review.

Unsuccessful in state court, Anderson, Berg, and Berg LLC (collectively, Appellants) next filed suit in the United States District Court for the District of Minnesota, again challenging the 2011 abatement.[3] They named the city, a city employee, seven city counselors, and the city contractor as defendants. The complaint alleged violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, as well as state constitutional claims, conversion, negligence, and violations of the Minnesota Government Data Practices Act. The district court held that claim preclusion prevents the Appellants from relitigating their federal claims arising from the 2011 abatement because those claims already were or could have been adjudicated in the 2012 state court action. In doing so the district

---

[3]The federal complaint also challenged a separate nuisance abatement that occurred in 2010, although this appeal involves only the 2011 abatement. Litigation surrounding the 2010 abatement has its own convoluted procedural posture. Anderson first challenged the 2010 abatement order in a legislative hearing before the St. Paul City Council. When he failed, he appealed to the Ramsey County District Court. The court dismissed for lack of jurisdiction, concluding that the city council's decision was quasi-judicial and therefore appealable only to the Minnesota Court of Appeals. Anderson then appealed to that court, seeking a writ of certiorari requiring the district court to review the city council's decision. The appeals court refused to issue the writ, instead affirming both the abatement order as well as the district court's jurisdictional decision. Anderson v. City of St. Paul, No. A09-1269, 2010 WL 1850648 (Minn. Ct. App. May 11, 2010). The Minnesota Supreme Court denied review.

court rejected Anderson's argument that his federal claims are for "continuing wrongs," that is, failure to return the abated property, which Anderson claimed did not occur until after the state litigation ended. The court noted that Anderson's federal complaint did not raise a continuing wrong claim and, even if it had, the claim would fail because it does not allege ongoing conduct but rather ongoing harm—interrupted use of property—which could have been redressed by the state court had Anderson prevailed. Having disposed of the federal claims arising from the 2011 abatement, the district court declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed the case.

II.

A district court's grant of a motion to dismiss is reviewed de novo, with all reasonable inferences construed in favor of the nonmovant. E-Shops Corp. v. U.S. Bank Nat'l Ass'n, 678 F.3d 659, 662 (8th Cir. 2012).

Minnesota law governs the preclusive effect of a prior Minnesota state court judgment. See Restatement (Second) of Judgments § 86 ("A valid and final judgment of a state court has the same effects under the rules of res judicata in a subsequent action in a federal court that the judgment has by the law of the state in which the judgment was rendered . . . ."); see also Hillary v. TransWorld Airlines, Inc., 123 F.3d 1041, 1043 (8th Cir. 1997) ("[T]he res judicata effect of the first forum's judgment is governed by the first forum's law, not by the law of the second forum.") (internal quotation marks omitted). Under Minnesota's claim preclusion doctrine (also known as "res judicata"), claims that were or could have been adjudicated by a court of competent jurisdiction cannot be relitigated in another court. Hauschildt v. Beckingham, 686 N.W.2d 829, 837 (Minn. 2004). The doctrine "applies as an absolute bar to a subsequent claim when (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had

-4-

a full and fair opportunity to litigate the matter." Id. at 840. Applying these elements to the case at hand, we hold that Appellants' federal action challenging the 2011 nuisance abatement is precluded by the summary judgment granted in the Ramsey County District Court and affirmed by the Minnesota Court of Appeals. Accordingly, we affirm.

## A. Same Set of Factual Circumstances

"The common test for determining whether a former judgment is a bar to a subsequent action is to inquire whether the same evidence will sustain both actions." Id. at 840-41 (internal quotation marks omitted). It follows that, if facts giving rise to a claim in the second action did not occur until after the first action terminates, claim preclusion would not bar the subsequent claim. See Mach v. Wells Concrete Prods. Co., 866 N.W.2d 921, 925 (Minn. 2015) ("Claims are not considered the same cause of action if the right to assert the second claim did not arise at the same time as the right to assert the first claim.") (internal quotation marks omitted). Appellants argue that their federal complaint "was entirely based on a new set of facts occurring after the dismissal of the [state court suit]." Though not a model of clarity on this point, Appellants' brief indicates that, while litigating in state court, Appellants did not and could not have known that city employees retained Mr. Anderson's abated property for personal use. These recently discovered facts, according to Appellants, gave rise to two new claims—never before litigated in any court—that the abated property "was fraudulently concealed and part of a continuing violation."

The supposedly new facts and causes of action that Appellants argue enable their federal suit to survive are visibly absent from their federal complaint. Indeed, neither fraudulent concealment nor continuing tort are stated as bases for relief, and no facts are set forth suggesting that Appellees' conduct satisfied either of the unstated claims. Rather, as the district court observed, at its core this litigation challenges the taking and destroying, not the concealing or retaining, of the property

removed from Mr. Anderson's land. For instance, the complaint specifically asks for a finding that (1) "no authority existed . . . that would allow for the destruction of personal property in the manner Defendants destroyed the personal property of the Plaintiffs"; and that (2) the Defendants' actions "permanently deprived Plaintiffs of their personal property." Because the federal complaint does not identify any new facts that would support fraudulent concealment or continuing tort, we fail to see how those claims distinguish present from prior proceedings in any meaningful manner.

In sum, the relevant factual circumstances of the former and current actions are those surrounding the December 22, 2011 nuisance abatement carried out on Mr. Anderson's property. The record does not point to a single factual development that occurred after the state court litigation ended. We therefore conclude that both actions involve the same set of facts.

## B. Same Parties or Privies

Four of the thirteen parties to the current action were also parties to the state suit: Anderson, Berg, and Berg LLC as plaintiffs, and the City of St. Paul as a defendant. As to the seven city counselors and city contractor Kamish Excavating, who were not parties in state court, Appellants' counsel has expressly conceded that those defendants are in privity with the city. Mot. Hr'g Tr. 11-12, Sept. 16, 2015, ECF No. 94. The only remaining party is Steven Magner, the city manager of code enforcement who, according to Appellants' complaint, supervised the abatement on Mr. Anderson's property in 2011. Thus, we must determine whether Mr. Magner is in privity with a party to the prior state court action.

Privity exists where a non-party's "interests are represented by a party to the action," or where a party is "otherwise so identified in interest with another that he represents the same legal right" with respect to a previously asserted claim. Rucker v. Schmidt, 794 N.W.2d 114, 118 (Minn. 2011) (internal quotation marks omitted).

It is not enough that two individuals both wish to prevail in litigation; their legal interests must be aligned to the point of being "similarly affected by the outcome of a legal proceeding." Id. at 120. The Minnesota Supreme Court has emphasized that privity has no per se definition and that privity determinations "require[] a careful examination of the circumstances of each case." Id. at 118.

The district court concluded that Minnesota law generally recognizes privity between the government and its employees. In support, the court cited Vizenor v. Hoffman, an unpublished decision from the Minnesota Court of Appeals. No. A07-0646, 2008 WL 933480, at *3 (Minn. Ct. App. Apr. 8, 2008). Though we do not adopt the district court's generalization regarding employer-employee privity,[4] we find the facts and analysis of Vizenor instructive to our determination that Mr. Magner and the City of St. Paul are in privity. Vizenor involved a challenge to a taking and forfeiture of the plaintiff's personal property by county deputies. Id. at *1. The plaintiff first sued the county and, after settling those claims, initiated a second suit against the sheriff's department and the two deputies involved in the property seizure. Id. at *1, *3. In finding that the deputies, as county employees, were in privity with the county, the court noted that the deputies' "interests were affected by the [prior lawsuit] because it was their job to seize the property and carry out the forfeiture." Id. at *3.

Like the deputies in Vizenor, Mr. Magner is a government actor charged with enforcing provisions of the city code. It was his job to order the city contractor to carry out the nuisance abatement on Mr. Anderson's land, and his interests were therefore affected by the prior suit challenging that abatement. As a result, Mr. Magner is in privity with the City of St. Paul. See Rucker, 794 N.W.2d at 120.

---

[4]The Minnesota Supreme Court has indicated that privity is not established by virtue of an employment relationship alone. Kaiser v. N. States Power Co., 353 N.W.2d 899, 904 (Minn. 1984).

## C. Final Judgment on the Merits

The Ramsey County District Court granted summary judgment against Anderson, Berg, and Berg LLC and entered judgment accordingly. "It is well established that summary judgment is a final judgment on the merits for purposes of res judicata." Dicken v. Ashcroft, 972 F.2d 231, 233 n.5 (8th Cir. 1992). Accordingly, there was a final judgment on the merits in the prior litigation.

## D. Full and Fair Opportunity to Litigate the Matter

"The question of whether a party had a full and fair opportunity to litigate a matter generally focuses on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." State v. Joseph, 636 N.W.2d 322, 328 (Minn. 2001) (internal quotation marks omitted). According to Appellants' brief, "Leonard Anderson has never had an opportunity to challenge the constitutionality of St. Paul's nuisance abatement ordinance." This assertion is belied by the state court record. Appellants' complaint to the Ramsey County District Court specifically requested a declaratory judgment that the defendants' "actions, customs, and policies . . . have violated the United States and Minnesota Constitutions." Both the trial court and the state court of appeals analyzed the state and federal constitutionality of the defendants' conduct and determined that the plaintiffs were not entitled to relief. While Appellants may object to the outcome of the state court proceedings, "a litigant's disagreement with a legal ruling does not necessarily mean that the court denied the litigant a full and fair opportunity to litigate a matter." Joseph, 636 N.W.2d at 329.

The record reveals no barriers to Appellants' ability or incentive to challenge the 2011 nuisance abatement in Minnesota's state courts. We therefore conclude that Appellants had a full and fair opportunity to litigate this matter in the prior action.

## III.

We hold that Appellants' claims arising from the 2011 nuisance abatement on Mr. Anderson's land are precluded under the doctrine of claim preclusion. Accordingly, the district court's order dismissing those claims is affirmed.

_____